THOMPSON, Presiding Judge:
*580 ¶ 1 Appellant Ryan Hanfelder challenges the trial court's grant of summary judgment to Appellee GEICO Indemnity Company on his request for a declaration that he was entitled to underinsured motorist (UIM) coverage under his GEICO Indemnity policy. We reverse and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
¶ 2 Hanfelder was injured in a September 2013 motor vehicle accident. The other driver involved was insured through AAA Insurance Company (AAA). Hanfelder held two relevant insurance policies at the time: one through GEICO Casualty Company and one through GEICO Indemnity Company. GEICO Casualty is a wholly owned subsidiary of GEICO Indemnity.
¶ 3 AAA tendered its policy limits to Hanfelder. Hanfelder made a UIM claim on GEICO Casualty, and GEICO Casualty tendered its policy limits. Hanfelder then made a UIM claim on GEICO Indemnity. GEICO Indemnity denied coverage under the "Limit of Liability" provision in its "Motorcycle Policy Amendment-Underinsured Motorist Coverage" (the Amendment), which states:
If separate policies or coverages with us are in effect for you or any person in your household, they may not be combined to increase the limit of our liability for a loss; however, you have the right to select which policy or coverage is to be applicable for the loss.
¶ 4 Hanfelder sued GEICO Indemnity seeking a declaration that he was entitled to UIM coverage under its policy. Following cross-motions for summary judgment, the trial court granted summary judgment for GEICO Indemnity, finding the Amendment limited Hanfelder's UIM coverage to policy limits of one of the two policies under Arizona Revised Statutes (A.R.S.) § 20-259.01(H) (2017). Hanfelder timely appealed following the entry of final judgment. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2018).
DISCUSSION
¶ 5 We review de novo whether summary judgment is warranted, including whether genuine issues of material fact exist and whether the trial court properly applied the law. Dreamland Villa Cmty. Club, Inc. v. Raimey , 224 Ariz. 42, 46, ¶ 16, 226 P.3d 411, 415 (App. 2010). We construe all facts in favor of Hanfelder, the party against whom summary judgment was granted. Twin City Fire Ins. Co. v. Leija , 243 Ariz. 175, 182, ¶ 25, 403 P.3d 587, 594 (App. 2017).
I. The Amendment Did Not Exclude UIM Coverage Under the GEICO Indemnity Policy.
¶ 6 Subsection (H) provides, in relevant part:
If multiple policies or coverages purchased by one insured on different vehicles apply to an accident or claim, the insurer may limit the coverage so that only one policy or coverage, selected by the insured, shall be applicable to any one accident.... For the purposes of this subsection, "insurer" includes every insurer within a group of insurers under a common management.
A.R.S. § 20-259.01(H) (emphasis added). We construe the UIM statutes, including A.R.S. § 20-259.01(H), liberally and in favor of providing coverage while construing policy exclusions strictly and narrowly. Taylor v. Travelers Indem. Co. of Am. , 198 Ariz. 310, 314, ¶ 11, 9 P.3d 1049, 1053 (2000).
¶ 7 Hanfelder does not dispute that GEICO Casualty and GEICO Indemnity are under common management. Subsection (H) thus authorized the "insurer," which included both companies, to limit coverage for the *581 accident to one policy. Hanfelder contends the Amendment did not do so because it only applied to "separate policies or coverages with us ." GEICO Indemnity, on the other hand, contends "us" refers to "insurer" as it is defined in subsection (H).
¶ 8 We agree with Hanfelder's position. Neither the policy nor the Amendment defines "us," but Hanfelder points out that the policy uses "we" to refer to "the Company named in the declarations," which is GEICO Indemnity. Moreover, Subsection (H) is not self-executing; insurers must include policy language incorporating its limitations. State Farm Mut. Auto. Ins. Co. v. Lindsey , 182 Ariz. 329, 331, 897 P.2d 631, 633 (1995). Neither the GEICO Indemnity policy nor the Amendment formally incorporates subsection (H)'s definition of insurer. It defies common sense to construe the word "us" to include GEICO Casualty, a non-party to the GEICO Indemnity policy, when the word "we" does not. See Colo. Cas. Ins. Co. v. Safety Control Co. , 230 Ariz. 560, 568, ¶ 28, 288 P.3d 764, 772 (App. 2012) ("We ... examine the policy's terms from the standpoint of one untrained in law or the insurance business"); see also Ranger Ins. Co. v. Phillips , 25 Ariz. App. 426, 432, 544 P.2d 250 (1976) ("Words of exclusion in insurance policies should be given small tolerance when insurance companies choose to use words of imprecision") (quoting Ranger Ins. Co. v. Culberson , 454 F.2d 857, 864 (5th Cir. 1971) ).
¶ 9 GEICO Indemnity contends Hanfelder knew he had purchased both policies from the same group of insurers because he received a "multi-policy" discount. Even assuming this is true, a premium discount would not place him on notice that his UIM coverage would be limited. GEICO Indemnity could have drafted the Amendment to apply to all separate policies or coverages purchased from any GEICO affiliate but did not do so. See Roberts v. Am. Family Mut. Ins. Co. , 144 P.3d 546, 548-49 (Colo. 2006) (reversing summary judgment for insurer where "the policies ... clearly prohibited no more than the stacking of benefits provided in policies issued by the same company").
¶ 10 GEICO Indemnity also contends it cured any defects in the Amendment by notifying Hanfelder of his right to choose one policy or coverage within thirty days of learning of the accident. Subsection (H) further provides:
If the policy does not contain a statement that informs the insured of the insured's right to select one policy or coverage as required by this subsection, within thirty days after the insurer receives notice of an accident, the insurer shall notify the insured in writing of the insured's right to select one policy or coverage.
A.R.S. § 20-259.01(H). This portion of the statute does not apply because the Amendment contained a statement informing Hanfelder of his right "to select which policy or coverage is to be applicable to the loss" among any "separate policies or coverage with us." In any event, GEICO Indemnity cites no authority suggesting subsection (H) permits insurers to amend their policy language in post-accident correspondence.
II. Issues of Material Fact Remain as to Hanfelder's Damages.
¶ 11 GEICO Indemnity also contends we should affirm because Hanfelder presented no evidence that his damages exceeded the AAA policy limits. See Brown v. State Farm Mut. Auto. Ins. Co. , 163 Ariz. 323, 328, 788 P.2d 56, 61 (1989) ("Implicit in the nature of the UIM transaction ... is the concept that UIM insurance provided by the insured's own carrier will protect him or her over and above the other insurance that may apply in a particular accident."); see also Keggi v. Northbrook Prop. & Cas. Ins. Co. , 199 Ariz. 43, 46, ¶ 13, 13 P.3d 785, 788 (App. 2000) ("Generally, the insured bears the burden to establish coverage under an insuring clause").
¶ 12 Hanfelder did not attempt to prove his damages, arguing he did not have to do so because he only sought declaratory relief. We need not decide that issue because GEICO Casualty's policy limits tender raises genuine issues of material fact as to whether Hanfelder's damages exceeded the AAA policy limits. We thus conclude the trial court erred in granting summary judgment to GEICO Indemnity and remand for further proceedings.
*582 III. Attorney Fees and Taxable Costs on Appeal
¶ 13 Hanfelder requests his attorney fees incurred on appeal pursuant to A.R.S. § 12-341.01(A) (2018). Hanfelder is the successful party on appeal, and his claim clearly arises out of contract. See Assyia v. State Farm Mut. Auto. Ins. Co. , 229 Ariz. 216, 221, ¶ 13, 273 P.3d 668, 673 (App. 2012). We therefore will award him reasonable attorney fees and taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.
CONCLUSION
¶ 14 We reverse the judgment, vacate the associated cost award to GEICO Indemnity, and remand for further proceedings.