Submitted June 25, affirmed December 16, 2020

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## PAUL MICHAEL McCONNELL,
*Defendant-Appellant.*

### Clackamas County Circuit Court
17CR15498; A168299

479 P3d 1082

Defendant challenges his conviction for first-degree sexual abuse, ORS 163.427. He waived a jury and was tried by the court for alleged sex crimes committed against his stepdaughter, K. Before the trial, defendant moved *in limine* to preclude parties or witnesses from applying the word "victim" to K at trial. The trial court denied the motion and ultimately found defendant guilty of one count of first-degree sexual abuse. On appeal, defendant argues that the use of the term "victim" at trial constituted impermissible vouching and undermined the required presumption of defendant's innocence. The state disagrees, arguing that defendant's motion sought exclusion of permissible uses of the word by the prosecutor and that any error in denying the motion as to either the prosecutor or the witnesses was harmless. *Held*: The trial court did not err in denying defendant's motion as to the prosecutor's use of "victim." As to the witness's use of the word, any error in denying that aspect of the motion was harmless.

Affirmed.

Ulanda L. Watkins, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant challenges his conviction for first-degree sexual abuse, ORS 163.427. He waived jury and was tried for alleged sex crimes committed against his stepdaughter, K. Before the bench trial, defendant moved *in limine* to preclude parties or witnesses from applying the word "victim" to K at trial. The trial court denied the motion and ultimately found defendant guilty of one count of first-degree sexual abuse, acquitting defendant of the remaining charges.[1] We write only to address defendant's first assignment of error challenging the trial court's denial of his pretrial motion *in limine* and conclude that the trial court did not err in relation to the prosecutor's use of the word "victim."[2] We further conclude that any error in denial of the motion as to witnesses was harmless in the context of this case. Therefore, we affirm.

We begin with the relevant undisputed facts and note evidentiary disputes that are relevant to our harmless error analysis. Defendant lived with his wife and two stepchildren, W and K. One evening while the family was watching television, K asked to speak to her mother in private and disclosed to her "sometimes when you're at work and brother's at school, [defendant] touches my private parts." Defendant's wife immediately removed K from the apartment, without notice to defendant or W, and called the police. Later that evening, Deputy Slinger came and notified defendant that accusations had been made against him and that he must leave the apartment until Clackamas County detectives or the Department of Human Services (DHS) contacted him and advised that he could return. Slinger did not tell defendant the source or nature of the accusations. As defendant was leaving the apartment, he told W that he was leaving and that "it's not good." Shortly after leaving, defendant sent the following text message to his wife: "Touching [K]? Seriously? Babe, what the heck?"

---

[1] Defendant was charged with two counts of first-degree unlawful sexual penetration (ORS 163.411), and four counts of first-degree sexual abuse (ORS 163.427).

[2] We reject without further discussion defendant's remaining assignments of error.

Defendant testified that, while he was packing up and leaving the apartment, he saw K's name written on Slinger's notepad. By contrast, Slinger testified that, while he wrote K's name in his notepad, he did not have his notepad out while he was observing defendant pack up his belongings to leave the apartment.

Before trial on charges of unlawful sexual penetration and sexual abuse, defendant moved *in limine* to categorically prohibit "the parties and all witnesses" from referring to K as the "victim" at trial, asking that she be referred to by her name or as the "complaining witness." Because his defense was that the alleged crimes never occurred, defendant argued that allowing the parties and witnesses to refer to K as the "victim" would constitute an improper comment on K's credibility and would undermine the presumption of innocence. In denying the motion, the trial court reasoned that the use of the word "victim" would have "no effect on the Court's ability to judge this case fairly, impartially, and give [defendant] his fair day in court."

In its opening, the state referred to K as "the victim" about 10 times. Further, when questioning witnesses, the prosecutor referred to K as "the victim" four times.[3] As discussed in more detail below, one witness, Detective Pearson, referred to K as "the victim" one time.

In explaining its verdict convicting defendant of one count of first-degree sexual abuse, the trial court stated as follows:

"I believe the testimony of * * * [K] that you touched her vagina and that the touch wasn't inconsequential. It's sexual contact.

"* * * * *

"I find it interesting that within six minutes of the officer coming to the home and telling you that there was an allegation, he didn't tell you what the allegation was. He just simply said there's an allegation, but you send a text

---

[3] We exclude from that count times when the prosecutor referred to K as the "named victim" or the "alleged victim"; without deciding whether they deserve different treatment, we treat those instances as distinct and do not consider them in our analysis.

message to your now ex-wife and you say, 'Touching [K]? Seriously? Babe, what the heck?'

"It is reasonable for you to assume given that your wife and your stepdaughter are not in the apartment and you're being told there's an allegation that it may have something [to do] with your stepdaughter.

"And *** even if I take your testimony at face value, when you said you were able to see her name, which I don't believe, I don't believe the detective or the officer had his notebook out, but if I did believe that he had his notebook out and *** you were able to see it, and you were able to see [K]'s name written somewhere near victim, and that you were told you were not allowed back in that apartment until you get permission from either the police or DHS, how you jumped from DHS to sexual touching, that was telling.

"* * * * *

"So the text was vital for me. The time of the text was vital to me, because I heard testimony that your ex-wife had sent nothing to you. She left the apartment with [K] and they didn't tell you why. ***

"* * * * *

"And then I have your statement to your stepson when you enter the apartment to get your things, that you said, 'I'm leaving and it is not good.'

"Again, how you jump from allegations to touching [K] is very telling, because I don't know how you get there other than you touched her."

Further, during defendant's sentencing, the trial court explained that, while it believed K that the events under-lying the counts it had acquitted defendant on had in fact occurred, it acquitted because it had too many questions about whether those events occurred in Oregon.

Relying on *State v. Sperou*, 365 Or 121, 131-33, 422 P3d 581 (2019), defendant argues that, because the state's case depended on K's credibility, its use of the word "victim" to describe her in its opening and during its questioning of witnesses, as well as witnesses' use of "victim" during their testimony, strongly suggested personal belief in K's account. Further, defendant urges, "when counsel is questioning a

witness in the context of presenting evidence, there would appear little difference between the term 'victim' in a question that prompts a witness to give an answer that communicates a shared understanding of the victimhood of the referent, and having witnesses use the term themselves to communicate the same thing." Thus, according to defendant, use of the term "victim" at trial constituted impermissible vouching and undermined the required presumption of defendant's innocence, an error which defendant asserts was not harmless.

The state disagrees, arguing that defendant's motion sought exclusion of permissible uses of the word by the prosecutor and that any error in denying the motion as to either the prosecutor or the witnesses was harmless. We conclude that the trial court did not err in denying defendant's motion as to the prosecutor's use of "victim." As to witness's use of the word, we conclude that any error in denying that aspect of the motion was harmless.

We review a trial court's ruling on a pretrial motion for abuse of discretion. *State v Pitt*, 352 Or 566, 573-74, 293 P3d 1002 (2012) ("A trial judge has discretion either to deny or to postpone ruling on a pretrial motion until more information is available."); *Sperou*, 365 Or at 137 (applying that standard). Further, "we evaluate a claim of pretrial error on the basis of the same record that the trial court relied on in making the challenged ruling." *Pitt*, 352 Or at 575. Nevertheless, where there is only one legally correct outcome, a trial court's "discretion" is an "inapplicable concept," and we review for legal error. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000).

Our resolution of this matter is controlled by *Sperou*. There, before the defendant's trial on charges of first-degree unlawful sexual penetration against SC, the state disclosed that it would call as witnesses SC and six other women who would testify to having been sexually abused by the defendant. 365 Or at 123. The defendant, who denied that any abuse had occurred, moved before trial to prohibit the use of the word "victim" by the prosecutor and the state's witnesses at trial to describe SC and the other accusers. *Id.* at 125. The defendant argued that calling his accusers "victims"

constituted impermissible vouching for the credibility of his accusers and undermined the presumption of his innocence. *Id*. The trial court denied the motion, and, at trial, two investigating detectives and a former church member referred to SC and the six other accusers as "victim" multiple times during their testimony. *Id*. at 127. The prosecutor likewise referred to SC and the other accusers as "victims" numerous times throughout trial, including during the state's opening statement, case-in-chief, and closing argument. *Id*. The jury convicted the defendant on three counts of sexual penetration, and the Oregon Supreme Court reversed in part. *Id*. at 123.

The court drew a distinction between use of the term "victim" by witnesses as opposed to the prosecutor, explaining that prosecutors have a wide latitude to make arguments from the evidence. *Id*. at 130. By contrast, in the court's view, a witness's description of the complaining witness as a "victim" conveys an opinion that the complaining witness is telling the truth. *Id*. at 132. Further, where a defendant denies that any crime occurred, references to the complaining witness as a "victim" may undermine the presumption of the defendant's innocence because it assumes his guilt, a fact that is not proved until the jury finds the defendant guilty. *Id*. at 133. Nevertheless, the court noted that the fact "that the use of the term 'victim' may constitute vouching and undercut the presumption of innocence do[es] not necessarily answer the question whether [a] trial court *** was required to grant defendant's pretrial motion to prohibit all uses of that term." *Id*. at 134.

The court concluded that the trial court could exercise its discretion to deny the defendant's pretrial request to categorically prohibit the prosecutor from referring to the complaining witness as "victim," given that the record is evaluated at the time of the pretrial motion. A motion prohibiting all such references is too broad as to the prosecutor, given the range of latitude afforded to prosecutors in terms of advocacy. *Id*. at 137. The court explained,

"Because *** some contextual uses of the term "victim" will reflect fair comment on the evidence, the trial court was not required to assume, as defendant's motion demanded,

that any and all uses of the term 'victim' by the prosecutor would be inappropriate. Thus, the trial court, in its discretion, could deny defendant's motion."

*Id*. (citations omitted).

Likewise, here, we conclude that the trial court did not err in denying defendant's motion as it relates to the prosecutor's use of "victim." As in *Sperou*,

"defendant's pretrial motion failed to appreciate, much less alert the trial court to, the considerations distinguishing a prosecutor's legitimate use of the term 'victim' from uses that are improper. As such, the trial court was not required to prohibit the use of a word that *** may be used appropriately depending on context."

*See id*. at 138. The trial court's denial of the motion was within the range of allowable discretion.

As to witness references to "victim," the Supreme Court in *Sperou* concluded that, because vouching is categorically prohibited, denial of even a broad motion prohibiting use of the word "victim" is outside the range of allowable discretion. As it explained, under circumstances where the defendant denies that abuse occurred and only the complaining witness testifies to the abuse,

"the use of the word 'victim' by witnesses amounts to vouching *** and, where *** it is virtually impossible for a witness's use of the term to serve a legitimate, nonvouching purpose, any use of the term is categorically inadmissible. Accordingly, the concept of trial court 'discretion' is inapplicable, and it was legal error to permit the witnesses to offer that testimony."

*Id*. at 139. Under the circumstances at issue in *Sperou*, including multiple witnesses "repeatedly" using "victim" "to describe not only the complaining witness, but several other accusers who also testified that [the] defendant had abused them in similar fashion," the court found that denial of the motion prohibiting the testimony at issue was not harmless. *Id*. at 140-41.

The testimony at issue here, however, was more limited than in *Sperou*, involving only one witness and a single reference to one victim. Pearson, on direct examination,

testified that, in the course of his investigation, he thought what he had was a case against defendant with K "being the victim." We conclude that any error in denying the pretrial motion to prohibit witness references to K as "victim" was harmless in the context of this case.

In reviewing whether a trial court's error was harmless, we must determine whether there was more than a little likelihood that the error affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). In assessing whether erroneously admitted evidence affected the verdict, we consider the nature of the evidence in the context of the trial as a whole. *Id.* at 33-34. "Among other factors, we consider whether the evidence was cumulative of other evidence admitted without objection, which includes assessing any differences in the quality of the erroneously admitted or excluded evidence as compared to the other evidence on the same issue." *State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018).

We acknowledge that witness vouching is generally prejudicial. *See Sperou*, 365 Or at 140 ("In general, witness vouching in Oregon is considered prejudicial, so much so in fact that it sometimes requires intervention by the trial court even when parties fail to object to it."). However, Pearson's single statement was minor. Moreover, the trial court's speaking verdict relied on other evidence in determining that defendant was less credible than the victim, supporting its decision to convict. Thus, we find that Pearson's one-time reference to K as "victim" had little likelihood of affecting the verdict, so that any error by the trial court in failing to exclude that reference was harmless.

Affirmed.