Submitted December 4, 2020, affirmed July 20, 2022, petition for review denied January 19, 2023 (370 Or 714)

IAN MICHAEL WILLIAMS,
*Petitioner-Appellant,*

*v.*

Garrett LANEY,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
17CV17358; A170928

514 P3d 1120

Petitioner appeals the denial of his petition for post-conviction relief concerning his convictions on one count each of second-degree sexual abuse, third-degree sexual abuse, and first-degree rape. He asserted numerous claims of inadequate assistance of counsel and prosecutorial misconduct. The post-conviction court found that petitioner had not established any of his claims. On appeal, petitioner renews his arguments from below. Specifically, he argues that his counsel failed to adequately object to or sufficiently remedy the use of the term "victim" at several points during trial. *Held*: The post-conviction court did not err. The trial court and both parties diligently policed the use of the term "victim" during trial; counsel brought the matter to the court's attention numerous times, and clarifications were offered to ensure that the jurors understood that they were to determine whether or not any of the complainants were "victims." Additionally, even if counsel's performance were to be considered deficient, petitioner did not carry his burden to prove prejudice.

Affirmed.

Dale Penn, Senior Judge.

Ian Michael Williams filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Petitioner appeals the denial of his petition for post-conviction relief concerning his convictions in 2012 on one count each of second-degree sexual abuse, third-degree sexual abuse, and first-degree rape. He brought numerous claims asserting inadequate assistance of trial counsel, inadequate assistance of appellate counsel, and prosecutorial misconduct. The post-conviction court found that petitioner had not established inadequate assistance by either trial or appellate counsel or misconduct by the prosecutor and had failed to demonstrate prejudice as to any of his claims. Petitioner assigns error to all of the court's conclusions. We reject without discussion each of his assignments of error except one, in which he asserts that trial counsel was inadequate in failing to sufficiently object to each instance in which the prosecutor or a witness used the word "victim" during trial. We took this case under advisement to consider that issue in light of *State v. Sperou,* 365 Or 121, 442 P3d 581 (2019), although petitioner, appearing *pro se*, does not cite that case as authority for his position. As explained below, we conclude that in the circumstances of this case, petitioner's trial attorneys did not provide inadequate assistance in their handling of the issue, and, further, even if petitioner's trial attorneys were deficient in failing to object to one instance of a witness using the word "victim," petitioner failed to carry his burden of proving prejudice. Therefore, we affirm the post-conviction court's judgment.

We begin with an overview of *Sperou.* In that case, the defendant, a pastor, was accused by a former parishioner, SC, of having sexually assaulted her many years earlier when she was a child. *Id.* at 124. Six other women came forward with similar allegations and, although the defendant was not charged with offenses relating to those six women, they all testified at trial concerning the uncharged misconduct pursuant to OEC 404(3) or OEC 404(4). *Id.* at 126. Before trial, the defendant moved to preclude all parties or witnesses from referring to either SC or the other six women as "victims" during the trial. *Id.* The court denied the motion and, at various points during the trial, the prosecutor and several police officers referred to SC and the other

witnesses as "victims," and another witness also referred to SC as a "victim." *Id.* at 127.

On review, the Supreme Court addressed whether, or when, describing a person as a "victim" during a criminal trial would constitute impermissible vouching for that person's credibility. Noting that the vouching rule applied not only to witnesses but to counsel's statements, the court analyzed the various references to "victim." *Id.* at 129. With respect to the use of the term by witnesses, the court agreed in large part with the defendant. Although use of the term by a witness might not be problematic "where there is physical evidence corroborating the complaining witness's claims of victimhood," the court considered it "a different matter *** where the defendant asserts that no crime occurred and where the only evidence of victimhood is the complaining witness's own testimony. In that situation, another witness's description of the complaining witness as a 'victim' conveys an opinion that the complaining witness is telling the truth." *Id.* at 131-32.

With respect to the prosecutor's use of the term, the court rejected the state's assertion that jurors would necessarily understand that a prosecutor's reference to "'victim' really means 'alleged victim.'" *Id.* at 132. Nonetheless, it also rejected the broad proposition that a prosecutor's use of the word is necessarily unacceptable:

> "In light of a prosecutor's dual responsibilities to refrain from inflammatory remarks and personal commentary, on the one hand, but to be an advocate for the state's cause, on the other, it is difficult to state a categorical rule regarding a prosecutor's use of the term 'victim' to describe a complaining witness where victimhood is disputed. One can imagine situations where such use is meant to convey, improperly, a prosecutor's personal opinion that a witness is credible. But one can readily imagine other situations in which the use of that term is a fair comment on the evidence (*e.g.*, 'we will prove that defendant committed this crime and that [witness] was his victim')."

*Id.* at 135-36.

In the present proceeding, the post-conviction court rejected petitioner's argument concerning the use of the term

"victim," but did so before *Sperou* was decided. On appeal, we review for errors of law and, to the extent that the court did not make findings of fact on all of the issues, we presume that the facts were decided consistently with the post-conviction court's conclusions of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). With respect to post-conviction claims of inadequate assistance of counsel, petitioner bore the burden of establishing by a preponderance of the evidence that counsel failed to exercise reasonable professional skill and judgment, and that petitioner suffered prejudice as a result. *Jackson v. Franke*, 369 Or 422, 445, 507 P3d 222 (2022).

With the analysis set forth in *Sperou* in mind, we return to the present case to address whether the post-conviction court correctly concluded that petitioner failed to establish his claim. In the underlying criminal proceeding, petitioner was tried for 10 offenses, primarily sexual offenses, involving five teenage girls, most of whom were his high school classmates. His defenses were, in effect, that some of the sexual contacts were consensual,[1] and that some did not occur at all. After a jury trial, petitioner was acquitted on all charges related to three of the alleged victims, was convicted of first-degree rape as to one of them, and was convicted of second- and third-degree sexual abuse (both lesser-included offenses of greater charges) as to the remaining victim.

Although *Sperou* had not been decided at the time of petitioner's criminal trial, the use of the term "victim" had been considered by courts in a number of other jurisdictions, and defense counsel were aware of the potential prejudicial effect of referring to the five teenaged girls as "victims." They raised the issue, and the court was consistently careful in referring to "*alleged* victims." We describe in some detail the various usages of the term "victim" about which petitioner complains in the present proceeding.

First, petitioner argues, the prosecutor noted in opening that the case involved five "separate victims, who don't know each other," and began to describe "the first

---

[1] We use the term consensual in the colloquial rather than the legal sense given the ages of those involved.

person who was victimized," at which point defense counsel objected to the use of the term. The court agreed with defense counsel, and the prosecutor immediately clarified to the jury that "you are the only ones who decide if these young women were victimized," indicating that if she skipped adding the word "allegedly," it should not be understood to "impl[y] that I'm making the decision, I'm not. You are the only ones who make that decision." Thereafter, out of the jury's presence, the trial court emphasized that it would be inappropriate to refer to anyone in this trial as a "victim," adding that, "[i]f you want to use the word 'victim,' it has to be preceded by 'alleged,' otherwise you can refer to them by their name." Particularly in light of the clarification that the prosecutor offered to the jury concerning her use of the term, we do not consider the prosecutor's reference to "victim" or "victimized" in the opening statement to be problematic under *Sperou*. Defense counsel's objection was not inadequate; rather, it was effective in this circumstance.

Petitioner next asserts that counsel was inadequate for failing to object to or otherwise sufficiently remedy the use of the term "victim" at several points during examination of the state's witness, Walker. Contrary to petitioner's suggestion, the use of the term "victim" by Walker did not run afoul of the rule of law later announced in *Sperou*. Walker was a sexual assault services coordinator who was present when one of the alleged victims received a rape examination at the hospital. When asked about a past job she had as a social worker, Walker testified that she had "worked with perpetrators and victims of sexual assault in a treatment center" and responded to "whoever had a crime to report involving a sexual assault for victims that were age 14 and above." Defense counsel objected to the witness's use of the term "victims," and the court sustained the objection. The prosecutor then clarified: "It was not your job to find out who was, in fact, a victim; is that correct?" and Walker responded that that was correct. The prosecutor then instructed her to "refer to them simply as young women."

Later, on redirect, the prosecutor asked Walker, "as sexual assault services coordinator, do you do things in addition to working directly with victims?" Walker responded

that she did, listing additional duties. No objection was made to the use of the word "victim" at that point, but when the prosecutor asked Walker about her work with "victims who choose not to report to the police," defense counsel again objected to the use of the word "victim," the court again sustained the objection, and the prosecutor rephrased the question to ask about "young people who say that they've been sexually assaulted who choose not to report to the police."

Again, counsel's objections resulted in clarification by the prosecutor that the witness was not expressing an opinion about anyone's status as a victim. In any event, *Sperou* does not stand for the broad proposition that a witness may never use the word "victim." Rather, the court admonished that a "witness's description of *the complaining witness as a 'victim'* conveys an opinion that the complaining witness is telling the truth." *Id.* at 131-32 (emphasis added). Walker's testimony did not describe any of the complaining witnesses in this case as victims. Walker used the term only in describing her own past and present employment in the well-established field of social work related to sexual assaults; her use of the term in that context did not run afoul of *Sperou*.

In his briefing to this court, petitioner points generically to "many" references to victims, listing numerous transcript pages without elaboration. To the extent that those concern references made during the prosecutor's arguments, they do not demonstrate any use of the term "victim" that would be inappropriate under *Sperou*. Other instances concern occasions when a witness used the term "victim," an objection was made, and the witness rephrased the answer in terms of "alleged victim," in accordance with the trial court's ruling. Defense counsel was not inadequate with respect to any of those instances.

We do note that there was an instance where a police officer, in describing his investigation, referred in passing to articles of clothing "seized from the victim," and no objection was made. Unlike the other usages described above, that reference is to one of the complainants, and a strict application of the rule of law later announced in *Sperou* would indicate that usage of the term by that witness was not appropriate.

For two reasons, however, we conclude that this single potentially inappropriate usage of the term over the course of a trial that lasted 14 days did not entitle petitioner to post-conviction relief. First, as described above, the trial court and both parties clearly tried to be diligent in policing the use of the term "victim" during trial; counsel brought the matter to the court's attention numerous times, and clarifications were offered to ensure that the jurors understood that they, rather than any witnesses, were to determine whether or not any of the complainants were "victims." All of this occurred long before *Sperou* was decided. In fact, counsel did a good job in anticipating *Sperou*. This is not a case in which defense counsel can be faulted for failing to anticipate a new development in the law. Counsel's objections, the court's rulings, and the prosecutor's course corrections, all gave the jury the information that it needed to understand its role in ultimately determining who was or was not a "victim." Given how well counsel kept this issue before the court and the jury, we do not view an instance where the word slipped through without qualification to amount to deficient performance of counsel. Second, even if it were to be considered deficient performance, the post-conviction court also correctly determined that petitioner did not carry his burden to prove prejudice. The record demonstrates the jury was made to understand, on numerous occasions, its role in making credibility assessments and determining who was a victim, and a passing reference to "victim" at one point would not have undermined the jury's understanding. *Compare State v. Avdeyev*, 309 Or App 205, 482 P3d 115 (2021) (numerous references by police and lay witnesses to complainant as "victim" constituted reversible error), *with State v. McConnell*, 308 Or App 29, 479 P3d 1082 (2020) (one-time reference by police officer to complainant as "victim" had little likelihood of affecting the verdict).

The post-conviction court did not err in denying post-conviction relief.

Affirmed.